# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COLIN B. WILLIAMS, JR., #253-434 | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-17-1151 |
| BALTIMORE COUNTY DEPT. OF CORRECTIONS, | * | |
| CORRECTIONAL OFFICER BLACK, | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM OPINION

Plaintiff Colin B. Williams, who is self-represented, filed suit during the time he was confined at the Baltimore County Detention Center as a pretrial detainee. ECF 1. Williams alleges that defendant Officer Shakiara Black violated his Due Process and Equal Protection rights by conducting two disciplinary hearings that were not fair or impartial, and sanctioned him with 45 days of restrictive housing. Defendant Baltimore County Department of Corrections ("BCDC") filed a motion to dismiss (ECF 10), along with a memorandum. ECF 10-1. BCDC and Officer Black later filed a motion to dismiss or, in the alternative, motion for summary judgment (ECF 19), supported by a memorandum (ECF 19-1) and exhibits. Williams has filed an opposition (ECF 21). Defendants have replied. ECF 22.

No hearing is necessary to resolve the issues. *See* Local Rule 105.6 (D. Md. 2016). For reasons that follow, I shall grant BCDC's motion to dismiss (ECF 10). And, I will construe Black's motion (ECF 19) as a motion for summary judgment and grant it as to the equal protection claim, but deny it, without prejudice, as to the due process claim.

## I.     Factual Background

At 8:45 p.m. on March 31, 2017, Williams assaulted Officer K. Johnson, which resulted

in the use of "O.C." (oleoresin capsicum)[1] (Incident A3170834). ECF 1-1 at 2 (Report of Incident). Approximately one hour later, Sgt. T. Brooks was packing Williams's personal property when he discovered a bag of homemade wine wrapped in a blanket. Report of Incident, ECF 1-1 at 1. Williams, who was the sole occupant of the cell where the contraband was found, was charged with possession of contraband (Incident A3170835). ECF 1-1 at 1.

Officer Black held a disciplinary hearing on Incident A3170835 (contraband possession) on April 4, 2017, at which Williams pleaded not guilty. Williams argued the substance found was not alcohol and it was not his. ECF 19-4 at 2. Moreover, there were "no photos, test [sic], or reports" introduced to show that that the substance was alcohol. ECF 1 at 2. Officer Black found Williams guilty of possession of an unauthorized substance and imposed 10 days of restrictive housing with loss of telephone, visiting, commissary, television, and out-of-cell privileges. *Id.; see also* ECF 1-1 at 1. Williams's appeal was denied by Captain R. Alford. ECF 1-1 at 4; ECF 19-6 at 4 (appeal letter). Captain Alford determined Williams had "provided insufficient evidence to overturn the guilty finding. The penalty is appropriate." ECF 1-1 at 4.

On April 5, 2017, Officer Black conducted a hearing on Incident A3170834 (assault on Officer Johnson). Officer Black found Williams guilty of all charges and imposed 45 days of restrictive housing. ECF 1 at 2.[2] Williams alleges that because he was not present at the hearing, Office Black interpreted his lack of attendance as a refusal to testify and an indication of guilt. ECF 1 at 2. The incident report boilerplate includes the statement: "At the Disciplinary Hearing, you DO NOT have to testify in your own defense. However, a refusal to testify may be

---

[1] OC spray is commonly referred to as pepper spray. *See e.g. Johnson v. Prince George's County*, Civil Action No. DKC-10-582, 2011 WL 806448 at *11, n. 2, (D. Md. March 1, 2011).

[2] It appears the 45-day restrictive housing sanction was to run concurrent with the 10-day sanction imposed for Incident A3170835. ECF No. 1-1 at 3.

interpreted as an indication of guilt." ECF 1-1 at 3. It also appears that Officer Johnson, the officer involved in the assault, was not present at the disciplinary hearing. ECF 1-1 at 3 (notation indicating K. Johnson refused to appear). Williams's appeal of the guilty finding was denied by Captain Alford. ECF 19-6; ECF 19-6 at 2 (appeal letter). Alford found the evidence insufficient to overturn the guilty finding and that the penalty was appropriate. ECF 19-6.

Williams alleges the BCDC disciplinary procedure is unfair and does not comply with the Code of Maryland Regulations ("COMAR"), because it "subjects one to a disciplinary hearing in front of an officer who is not detached or neutral from the institution." ECF 1 at 2. Williams adds: "Black is an employee of the institution as she wears the badge and uniform of the institution." *Id.*

Plaintiff seeks an order to bar correctional officers from conducting disciplinary hearings, and to have the "County Commissioner" preside over them instead. ECF 1 at 3. Williams also seeks compensatory damages of $1,000 a day for the 45 days he was assigned to restrictive housing, without privileges. *Id.*

## II. Standard of Review

### A. Motion to Dismiss

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of a complaint. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010), *aff'd sub nom. McBurney v. Young*, 569 U.S. 221 (2013); *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted."

3

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Fed. R. Civ. P. 8(a)(2). It provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of the rule is to ensure that defendants are provided with "fair notice" of the claim(s) made against them and the "grounds" for entitlement to relief. *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . . .") (citation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But, a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, ___ U.S. ___, 135 S. Ct. 346, 346 (2014) (per curiam).

"When determining whether a complaint fails to comply with Rule 8(a), 'courts have looked to various factors, including the length and complexity of the complaint, *whether the complaint was clear enough to enable the defendant to know how to defend himself*, and whether the plaintiff was represented by counsel.'" *Rush v. Am. Home Mortg., Inc.*, WMN-07-854, 2009 WL 4728971, at *4 (D. Md. Dec. 3, 2009) (emphasis added) (internal citations omitted) (quoting *North Carolina v. McGuirt*, 114 F. App'x 555, 558 (4th Cir. 2004) (per curiam)). A court may properly dismiss a complaint under Rule 12(b)(6) for failure to comport with Rule 8(a) if the complaint "does not permit the defendants to figure out what legally sufficient claim the plaintiffs are making and against whom they are making it." *McGuirt*, 114 F. App'x at 559.

Thus, a complaint requires more than bald accusations or mere speculation. *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co.*, 637 F.3d 435, 440 (4th Cir. 2012) (citations omitted); *see Semenova v. Md. Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015); *Kendall v. Balcerzak*, 650 F.3d 515, 522 (4th Cir. 2011), *cert. denied*, 565 U.S. 943 (2011). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that plaintiff is entitled to the legal remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

In general, courts do not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses" through a Rule 12(b)(6) motion. *Edwards*, 178 F.3d at 243. But, "in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are

5

alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc); *accord Pressley v. Tupperware Long Term Disability Plan*, 533 F.3d 334, 336 (4th Cir. 2009); *see also Meridian Investments, Inc. v. Fed. Home Loan Mortg. Corp.*, 855 F.3d 573, 577 (4th Cir. 2017) (quoting *Leichling v. Honeywell Int'l, Inc.*, 842 F.3d 848, 850-51 (4th Cir. 2016)) ("A defendant's claim that an action is time-barred is an affirmative defense that it can raise in a motion to dismiss when the 'face of the complaint includes all necessary facts for the defense to prevail.'"). However, because Rule 12(b)(6) "is intended [only] to test the legal adequacy of the complaint," *Richmond, Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993), "[t]his principle only applies . . . if all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.'" *Goodman*, 494 F.3d at 464 (quoting *Forst*, 4 F.3d at 250) (emphasis added in *Goodman*).

Under limited exceptions, a court may consider documents beyond the complaint without converting a motion to dismiss to one for summary judgment. *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015). A court may properly consider documents that are "explicitly incorporated into the complaint by reference and those attached to the complaint as exhibits . . . ." *Goines*, 822 F.3d at 166 (citations omitted); *see U.S. ex rel. Oberg*, 745 F.3d at 136 (quoting *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 198 (4th Cir. 2014); *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004), *cert. denied*, 543 U.S. 979 (2004); *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

A court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint

and there is no dispute about the document's authenticity." *Goines*, 822 F.3d at 166 (citations omitted); *see also Woods v. City of Greensboro*, 855 F.3d 639, 642 (4th Cir. 2017); *Kensington Volunteer Fire Dep't v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012). To be "integral," a document must be one "that by its 'very existence, and *not the mere information it contains*, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (emphasis in original) (quoting *Walker v. S.W.I.F.T. SCRL,* 517 F. Supp. 2d 801, 806 (E.D. Va. 2007)).

However, "before treating the contents of an attached or incorporated document as true, the district court should consider the nature of the document and why the plaintiff attached it." *Goines*, 822 F.3d at 167 (citing *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 455 (7th Cir. 1998)). "When the plaintiff attaches or incorporates a document upon which his claim is based, or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines*, 822 F.3d at 167. Conversely, "where the plaintiff attaches or incorporates a document for purposes other than the truthfulness of the document, it is inappropriate to treat the contents of that document as true." *Id.*

### B. Motion for Summary Judgment

As noted, defendants have moved, in the alternative, for summary judgment. A motion styled in the alternative, to dismiss or for summary judgment, implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, under Rule

12(b)(6), a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). But when, as here, the movant expressly captions its motion "in the alternative," as one for summary judgment, and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).

A district judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5C ALAN WRIGHT & ARTHUR MILLER, ET AL., FEDERAL PRACTICE & PROCEDURE § 1366 (3d ed.). This discretion "should be exercised with great caution and attention to the parties' procedural rights." *Id.* at 149. In general, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. *Id.* at 165-67.

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448-49; *see Putney v. Likin*, 656 F. App'x 632, 638-640 (4th Cir. 2016) (per curiam); *McCray v. Maryland Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for

8

discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)); *see also Dave & Buster's, Inc. v. White Flint Mall, LLLP*, 616 F. App'x 552, 561 (4th Cir. 2015).

To raise adequately the issue that discovery is needed, the non-movant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing the affidavit requirement of former Rule 56(f)). A nonmoving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x. 274 (4th Cir. 2008), *cert. denied*, 555 U.S. 885 (2008).

If a nonmoving party believes that further discovery is necessary before consideration of summary judgment, the party who fails to file a Rule 56(d) affidavit does so at his own peril, because "'the failure to file an affidavit . . . is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *Harrods*, 302 F.3d at 244 (quoting *Evans*, 80 F.3d at 961); *see also Dave & Buster's, Inc.*, 616 F. App'x at 561. But, the nonmoving party's failure to file a Rule 56(d) affidavit does not obligate a court to issue a summary judgment ruling that is obviously premature. Although the Fourth Circuit has placed "'great weight'" on the Rule 56(d) affidavit, and has said that a mere "'reference to Rule 56(f) [now Rule 56(d)] and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for [an] affidavit,'" the appellate court has "not always insisted" on

9

a Rule 56(d) affidavit. *Harrods*, 302 F.3d at 244 (quoting *Evans*, 80 F.3d at 961). According to the Fourth Circuit, the failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the motion is pre-mature and that more discovery is necessary," and the "nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit.'" *Id*. at 244-45 (quoting *First Chicago Int'l v. United Exchange Co., LTD*, 836 F.2d 1375, 1380-81 (D.C. Cir. 1988)).

Plaintiff has not filed an affidavit or declaration pursuant to Rule 56(d). Nor has he argued that proceeding to summary judgment before discovery would prejudice his claims. I am satisfied that it is appropriate to address plaintiff's claims against Black in the context of summary judgment, because doing so will facilitate disposition of the case.

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *see also Iraq Middle Mkt. Dev. Found. v. Harmoosh*, 848 F.3d 235, 238 (4th Cir. 2017) ("A court can grant summary judgment only if, viewing the evidence in the light most favorable to the non-moving party, the case presents no genuine issues of material fact and the moving party demonstrates entitlement to judgment as a matter of law."). The nonmoving party must demonstrate that there are disputes of material fact so as to preclude the award of summary judgment as a matter of law. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

The Supreme Court has clarified that not every factual dispute will defeat a summary judgment motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported

motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.* at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see Sharif v. United Airlines, Inc.*, 841 F.3d 199, 2014 (4th Cir. 2016); *Raynor v. Pugh*, 817 F.3d 123, 130 (4th Cir. 2016); *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013). On the other hand, summary judgment is appropriate if the evidence "is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 252, 106 S. Ct. 2505. And, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.*

Notably, "[a] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [her] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed. R. Civ. P. 56(e)), *cert. denied*, 541 U.S. 1042 (May 17, 2004); *see also Celotex*, 477 U.S. at 322-24. As indicated, the court must view all of the facts, including reasonable inferences to be drawn from them, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 587; *accord Roland v. United States Citizenship & Immigration Servs.*, 850 F.3d 625, 628 (4th Cir. 2017); *FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013).

The district court's "function" is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *accord Guessous v. Fairview Prop. Inv., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). Thus, in

considering a summary judgment motion, the court may not make credibility determinations. *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007). Therefore, in the face of conflicting evidence, such as competing affidavits, summary judgment ordinarily is not appropriate, because it is the function of the fact-finder to resolve factual disputes, including matters of witness credibility. *See Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).

However, to defeat summary judgment, conflicting evidence must give rise to a *genuine* dispute of material fact. *Anderson*, 477 U.S. at 247-48. If "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," then a dispute of material fact precludes summary judgment. *Id.* at 248; *see Sharif v. United Airlines, Inc.*, 841 F.3d 199, 204 (4th Cir. 2016). Conversely, summary judgment is appropriate if the evidence "is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 252. And, "the mere existence of a scintilla of evidence in support of the [movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [movant]." *Id.*

The court is mindful that plaintiff is self-represented. The submissions of a pro se litigant must be construed liberally. *See Carter v. Fleming,* 879 F.3d, 32, 137 (4th Cir. 2018); *Smith v. Smith,* 589 F.3d 736, 738 (4th Cir. 2009). Nevertheless, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III. Discussion

Defendants argue that the Baltimore County Department of Corrections is not a legal entity amenable to suit. Further, they claim that Williams's disciplinary hearings comported with due process and equal protection.

### I. Claims Against BCDC

Defendants argue that BCDC is not a legal entity subject to suit in its own name. Maryland substantive law determines whether an entity possesses the legal capacity to be sued. *See Chrysler Credit Corp. v. Superior Dodge, Inc.,* 538 F.2d 616, 617-18 (4th Cir. 1976). Under Md. Code, § 9-201(2) of the Local Government Article, charter counties of Maryland, such as Baltimore County, may "sue and be sued." Moreover, § 103 of the County Charter provides, in part: "The corporate name *shall* be 'Baltimore County, Maryland,' and it *shall* thus be designated in *all* actions and proceedings touching its rights, powers, properties, liabilities and duties." (Emphasis added).

In *Prince George's Cnty. v. Skillman*, 2017 WL 2981871 (Md. Ct. Spec. App. July 13, 2017) (unpublished), the State's intermediate appellate court was presented with the question of whether the Prince George's County Department of Planning, Inspection, and Enforcement ("DPIE"), an agency created under the Prince George's County Charter, was a suable entity separate from Prince George's County. *Id.* at *3-4. The *Skillman* Court reviewed the Prince George's County Charter, which has language nearly identical to § 103 of the Baltimore County Charter. *Id.* at *3. Based on the language of the charter, the Maryland Court of Special Appeals said: "There is no separate legal entity known as the Prince George's County Department of Permitting, Inspection, and Enforcement. DPIE is an agency of the County. Indeed, the County Charter establishes DPIE and assigns its functions . . . ." *Id.* at *4.

13

The Baltimore County Department of Corrections is a department within Baltimore County government and thus it is not subject to suit in its own name. *See Farmer v. Baltimore Cty. Dep't of Corrs.*, Civil Case Nos. CCB-11-2126, CCB-11-2143, 2012 WL 3155650 *3 (D. Md. July 31, 2012); *Cty. Council for Montgomery County v. Supervisor of Assessments of Montgomery County*, 274 Md. 116, 123, 332 A.2d 897 (1975) ("County Council" is not a separate legal entity that can sue or be sued); *Ashburn v. Anne Arundel County*, 306 Md. 617, 620, 510 A.2d 1078 (1986) (observing that the circuit court found "Anne Arundel County Police Department was not a separate legal entity" subject to suit). Therefore, the court will grant BCDC's motion to dismiss (ECF 10, 19).

**II.     Claims Against Officer Black**

The defense motion at ECF 19 was filed with supporting evidence, including Officer Black's affidavit; the Baltimore County Department of Corrections Inmate and Regulations Handbook; the Baltimore County Department of Corrections Directive on Disciplinary Process; and relevant portions of COMAR. ECF 19-2, 19-7, 19-8, 19-9, and 19-10. As to Officer Black, the only remaining defendant, I shall construe the motion as one for summary judgment.

Office Black argues that Williams was provided due process and equal protection. Moreover, she asserts that his complaint lacks any legal foundation and is based on conclusory, unsupported allegations. ECF 19-1 at 10. Officer Black maintains that BCDC Director Deborah Richardson is authorized by COMAR 12.02.27.07H (1) to appoint a disciplinary hearing officer. ECF 19-9 at 4 ("The warden, or a designee, may designate facility staff to act as a hearing officer"). Defendant notes there is no prohibition against a hearing officer being an employee of the facility, and COMAR seems to anticipate that facility staff may serve as hearing officers. Affidavit of Shakiara Black, ECF 19-2, ¶6.

14

Pursuant to this authority, Director Richardson appointed Officer Black as the disciplinary hearing officer. Black Affidavit, ECF 19-2, ¶6. BCDC disciplinary hearing procedures provide that the hearing officer "shall not conduct a hearing on an incident in which he or she had involvement." Disciplinary Process Directive ECF 19-7; Black Aff., ECF 19-2, ¶9. Officer Black attests that she was not involved in Incident A3170834 (assault on officer) or A3170835 (possession of contraband), which were the subject of the hearings. Black Aff., ECF 19-2 ¶13. Officer Black also states that she granted Williams's request to postpone the hearings in accordance with Department of Corrections Directive 3.305. Disciplinary Process Directive IV.D., ECF 19-7 at 5; Black Aff. ECF 19-2 ¶¶4, 14.

Officer Black attests that Williams refused to participate in his hearing on April 5, 2017 .[3] Black Aff., ECF 19-2, ¶5; ECF 19-2 at 3. Officer Black states that she found Williams guilty of the rule violations based on the evidence presented during the hearings. Black Aff., ECF 19-2 ¶¶ 15, 16, 17. However, nowhere in the Affidavit or on the record at the hearing is it stated exactly what evidence was actually presented. *See*, *e.g.*, ECF 19-3 at 1-2; ECF 19-4.

Officer Black states that inmates on restrictive housing have the following privileges [suspended]:[4] telephone, television, general visiting, group recreation, commissary, program participation, access to the courts, legal material, legal counsel, chaplain, and counseling staff. Black Aff. ¶20; ECF 19-8 at 3 § III.D.3. Inmates on Disciplinary Restrictive Housing remain locked in their cells except during designated exercise and shower period. Black Aff. ¶21; ECF

---

[3] The court notes that the BCDC Inmate Rules and Procedures Handbook states: "Inmates charged will be present, unless the inmate presents a threat to security." ECF 19-5 at 2 §C.2. The circumstances surrounding Williams's refusal to attend the hearing are not in the record.

[4] The Affidavit appears to contain a clerical error. These privileges are in fact *suspended* on restrictive housing status. *See* Disciplinary Procedure Directive 19-8 at 3§ III.D.3 (emphasis added).

19-8 at 3 §III.D.5

### A. Equal Protection Claim

The Equal Protection Clause is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985). To succeed on an equal protection claim, a petitioner "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001); *see also Washington v. Davis*, 426 U.S. 229, 239-42 (1976); *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002). Williams provides no factual predicate to support an equal protection claim. Specifically, he does not allege, much less show that he was treated differently from other similarly-situated inmates. He has not identified any inmate found guilty of similar facility rule offenses who was sanctioned differently. Nowhere does Williams allege or demonstrate purposeful disparate treatment resulting from an impermissible discriminatory animus.

The Complaint contains insufficient facts to state a plausible equal protection claim. Accordingly, this claim will be dismissed.

### B. Due Process

Because pretrial detainees have not been convicted of the crimes with which they are charged, they retain a liberty interest in freedom from "punishment," even while they are detained to ensure their presence at trial. *Dilworth v. Adams*, 841 F.3d 246, 251 (4th. Cir. 2016) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535-37 (1979)). Although "[l]oss of freedom of choice and privacy are inherent incidents" of pretrial detention, discrete "punitive measures" imposed during pretrial detention intrude on a protected liberty interest. *Dilworth* 841 F.3d at 251 (citing

*Bell*, 441 U.S. 537); *Surprenant v. Rivas*, 424 F.3d 5, 17 (1st Cir. 2005) ("Pretrial detainees, unlike convicts, have a liberty interest in avoiding punishment[.]"); *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) (stating pretrial detainees "may not be subjected to *any* form of 'punishment'") (citation omitted) (emphasis in *Gentile*).

In *Dilworth*, 841 F.3d 246, the United States Court of Appeals for the Fourth Circuit determined that a pretrial detainee was entitled to procedural due process before being subjected to disciplinary segregation as punishment for two disciplinary infractions. *Id.* at 251. Dilworth spent 85 days in disciplinary segregation and "was not afforded a hearing in connection with either of his placements in disciplinary segregation." *Id.* at 248. The Fourth Circuit emphasized that Dilworth had not been convicted of a crime when he was segregated. *Id.* Further, the Fourth Circuit determined that Dilworth's placement in disciplinary segregation implicated a protected liberty interest that warranted procedural safeguards. *Id.* at 251.

As the Fourth Circuit explained in *Dilworth*, 841 F.3d at 253, the elements of due process in prison disciplinary proceedings were established by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). In *Wolff*, the Supreme Court recognized the need to balance an inmate's due process interests with the legitimate security concerns and goals of the correctional institution. *Dilworth*, 841 U.S. 253 (quoting *Wolff,* 418 U.S at 556-63). *Wolff* requires that inmates be provided the opportunity for a hearing at which they may call witnesses and present evidence, unless to do so "would present an undue hazard." *Wolff*, 418 U.S. 557-58. An inmate also is entitled to written notice of the alleged disciplinary violation at least 24 hours before the hearing and, after the hearing, to a written statement describing the reasons for the disciplinary action taken. *Id.* at 563-65.

Given the limited record before the court, it seems that Williams's placement on 45 days

17

of restrictive housing constituted a disciplinary action that triggered due process protections. It also appears that Williams was supposed to be provided certain protections by state law, BCDC disciplinary procedure directive, and the Inmate Handbook. *See*, *e.g.*, COMAR 12.02.27.07C(2)(a) & (b), ECF19-9 at 1 (the hearing officer shall make decisions based on credibility of the evidence presented and witness testimony); BCDC Disciplinary Process Directive, ECF 19-7 IV.E.15 at 7 (requiring hearing officer to document the disposition of the hearing and include the rationale for the decision); BCDC Inmate Handbook, ECF 19-5 at 2 A.1. (stating inmates accused of violating facility rules are charged in writing and served notice and may request witnesses). Yet, defendant does not address whether Williams actually received those procedural protections, and she does not discuss the application of *Bell* and *Dilworth* to this case. The circumstances of Williams's refusal to attend his second hearing are not apparent, and neither he nor Officer Johnson, the officer involved in the assault, attended the disciplinary hearing that resulted in a sanction of 45 days of restrictive housing. Further, the hearing officer's findings are presented in a summary and conclusory fashion. ECF 19-3, 19-4. Of import, the record does not specify what evidence the hearing officer considered before she rendered her decisions.

Viewing the facts in the light most favorable to Williams, as this court must on a motion for summary judgment, the court finds the record is insufficient to conclude that Williams received all the process to which he was due before he was placed in restrictive housing. As there are genuine issues of material fact regarding the process Williams received, the court will deny Officer Black's motion for summary judgment as to the due process claim, without prejudice. By April 6, 2018, Officer Black may file a motion for summary judgment with additional exhibits, to address whether Williams was accorded sufficient due process.

February 20, 2018           _____/s/_____
Date                        Ellen L. Hollander
                            United States District Judge