# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COLIN B. WILLIAMS, JR., #253-434 | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-17-1151 |
| CORRECTIONAL OFFICER BLACK, | * | |
| Defendant | * | |

***

## MEMORANDUM OPINION

Plaintiff Colin B. Williams, who is self-represented, has filed suit, supported by exhibits, against defendant Shakiara Black, a Baltimore County Correctional Officer employed by the Baltimore County Department of Corrections ("BCDC"). At the relevant time, he was incarcerated at BCDC as a pretrial detainee. ECF 26-1 at 1.

Williams alleges the denial of due process in regard to two disciplinary hearings. ECF 1. He seeks injunctive relief and compensatory damages of $1,000 a day for the 45 days he was sanctioned with restrictive housing.[1]

Pending is Black's motion to dismiss or, in the alternative, for summary judgment. ECF 26. It is supported by a memorandum (ECF 26-1) (collectively, the "Motion") and numerous exhibits. Williams filed an opposition and a Declaration (ECF 35; ECF 35-1), to which Black filed a reply. ECF 38. Williams subsequently filed a motion for partial summary judgment (ECF 43), supported by his own Declaration (ECF 43-1), to which Black filed an opposition. ECF 44.

No hearing is necessary to resolve the issues. *See* Local Rule 105.6 (D. Md. 2016). For the reasons that follow, I will grant Black's motion for summary judgment (ECF 26) as to

---

[1] As discussed, *infra*, Williams also sued the Baltimore County Department of Corrections, and he also alleged a denial of equal protection.

Williams' claims arising from his hearing on April 4, 2017, with regard to contraband charges, and deny Black's motion for summary judgment as to Williams' claims arising from his hearing on April 5, 2017, as to an assault charge. Further, I will deny Williams' cross motion for partial summary judgment as to his claim arising from his hearing on April 4, 2017, on the contraband charges, without prejudice to his right to refile after appointment of counsel for him.

## I. PROCEDURAL BACKGROUND

Williams filed this action against BCDC and Black on April 26, 2017, alleging that Officer Black violated his due process and equal protection rights. Williams, now confined at the Howard County Detention Center,[2] claimes that during the time he was a pretrial detainee at BCDC, Officer Black presided over two disciplinary hearings that were not fair or impartial and, as a result, he was sanctioned with 45 days of restrictive housing. ECF 1. Williams also claims the BCDC disciplinary procedure is unfair and does not comply with the Code of Maryland Regulations ("COMAR"), because it "subjects one to a disciplinary hearing in front of an officer who is not detached or neutral from the institution." ECF 1 at 2.

On July 12, 2017, BCDC filed a motion to dismiss. ECF 10. On August 24, 2017, BCDC and Officer Black filed a motion to dismiss or, in the alternative, for summary judgment, supported by a memorandum and exhibits. ECF 19; ECF 19-1.

By Memorandum Opinion and Order of February 20, 2018 (ECF 24, ECF 25) I granted BCDC's motion to dismiss (ECF 10), construed Black's motion (ECF 19) as a motion for summary judgment, granted Black's motion for summary judgment as to the equal protection claim, and denied the motion for summary judgment, without prejudice, as to the due process claim.

---

[2] The Clerk shall modify the docket to reflect Williams' address at the Howard County Detention Center. ECF 43 at 9; *see also* ECF 4 (requiring Williams to inform the court of any change of address while this case is pending).

In denying summary judgment as to the due process claim, I noted that Williams' 45-day placement on restricted housing seemed to amount to a disciplinary action that triggered due process protections and other protections under state law. ECF 24 at 15, 18. In light of the limited record before me at the time concerning the process afforded Black, including what evidence was actually presented at his disciplinary hearings, the circumstances surrounding his refusal to appear at his second hearing, why a witness he requested, Officer Johnson, refused to appear, and the summary and conclusory nature of the hearing officer's findings, I found summary judgment inappropriate on the record before me. ECF 24 at 15, 18.

However, I granted Black the opportunity to file a dispositive motion, supported by verified evidence, to address whether Williams' placement in restrictive housing implicated a liberty interest triggering due process protections and, if so, whether the procedures provided to him satisfied these requirements. Thereafter, Black filed the pending Motion. I also granted Williams additional time to respond. ECF 32. Williams' response is docketed at ECF 35.

On December 28, 2018, Williams filed a motion partial summary judgment and declaration which essentially reiterates the allegations in his Complaint and opposition to Black's dispositive motion. ECF 43. Black filed an opposition to Williams' motion. ECF 44.

## II. FACTUAL BACKGROUND[3]

On March 31, 2017, Williams was involved in an assault against Officer K. Johnson. *See* Incident A3170834; ECF 1-1 (Report of Incident) at 2. Approximately one hour later, as Sgt. T. Brooks was packing Williams' personal property for transfer, Brooks discovered a bag of homemade wine wrapped in a blanket. ECF 1-1 (Report of Incident) at 1. Williams, who was the

---

[3] I incorporate by reference the facts set forth in my Memorandum Opinion dated February 20, 2018 (ECF 24) and supplement them, as appropriate.

sole occupant of the cell where the contraband was found, was charged with possession of contraband. *See* Incident A3170835; ECF 1-1 (Report of Incident) at 1.

On March 31, 2017, Williams was provided with notice of the charges arising from both incidents and signed acknowledgements of receipt of the notices. ECF 26-4 at 2 (charges and incident report A3170834); ECF 26-5 at 2 (charges and incident report A3170835); ECF 35-1, Declaration of Colin Williams, ¶19; ECF 26-2, Affidavit of Shakiara Black, ¶¶ 12,13,15, 25. He asserts the written dispositions he received lacked a meaningful explanation of his guilt and rationale for the disciplinary sanctions imposed. ECF 35-1, Williams Decl., at 8.

Officer Black declares that she has received training in the disciplinary hearing process and may not conduct a hearing for an incident in which she was involved. Further, she avers that she was not involved in the incidents of March 31, 2017. ECF 26-2, Black Aff., ¶¶ 9, 10, 11; BCDC Directive Disciplinary Process ECF 26-3§ IV.C.5.

### A. April 4, 2017 Hearing
### Assault Incident (A3170834)

In the first incident, A3170834, Williams was charged with interfering with correctional personnel in the performance of duties, assaulting an employee, failure to obey the order of correctional staff, being in an unauthorized area, and changing cell assignments. ECF 19-3 at 1; ECF 19-2, Black Aff., ¶11.

At the April 4, 2017 hearing, Black asked Williams whether he wanted to call any witnesses. Williams asked to call Officer Johnson, the officer involved in the assault. ECF 35-1, Williams' Decl., ¶21. Black postponed the hearing until the following day to arrange for Johnson to attend the hearing. ECF 35-1, Williams' Decl., ¶26; ECF 26-2, Black Aff., ¶26.

### B. Contraband Incident (A3170835)

In the second incident, A3170835, Williams was charged with possession of contraband

and possession or manufacture of unauthorized substances. ECF 19-4 at 1; ECF 19-2, Black Aff., ¶ 12.

Williams advised Black that he did not want to call any witnesses regarding the contraband incident (A3170835) and the hearing on the contraband charges proceeded. ECF 35-1, Williams' Decl., ¶23.[4]

Black advised Williams of his rights as listed in the Inmate Rule and Regulations Handbook, but Williams refused to sign the acknowledgement. ECF 35-1, Williams' Decl., ¶ 22; ECF 26-2, Black Aff., ¶¶ 17, 18; Inmate Rules and Regs, ECF 26-9. Williams asserts he refused to sign the acknowledgment because it included "boilerplate"[5] that "a refusal to testify may be interpreted as an indication of guilt." ECF 35-1, Williams Decl., ¶ 23.

Williams pleaded not guilty to the charges. Black Aff., ECF 26-2, ¶ 19. Williams testified in his defense that he was not present when "the alleged contraband was found."[6] ECF 35-1, Williams' Decl., at 6-7, ¶¶ 24, 25, 26, 27. He also testified that he was not in his cell when Sgt. Brooks "grabbed it" and said: "I told Johnson that it wasn't contraband, it wasn't mine." ECF 26-5 at 2; ECF 26-2, ¶ 19. Williams notes that "no photos, test [sic], or reports" were introduced at the hearing to prove the substance was alcohol. ECF 1 at 2; ECF 43-1, Williams' Decl., ¶ 5.

Sgt. Brooks did not appear. ECF 26-2, ¶ 20. But, Black reviewed Sergeant Brooks' report of the incident, which states that Brooks "found a bag of homemade wine on Inmate Williams'

---

[4] Sergeant Brooks, who found the contraband in the cell, was not present at the hearing. Black Aff., ECF 26-2, ¶ 20.

[5] Incident report boilerplate includes the following statement: "At the Disciplinary Hearing, you DO NOT have to testify in your own defense. However, a refusal to testify may be interpreted as an indication of guilt." ECF 26-4 at 2; see ECF 1-1 at 3.

[6] The fact that Williams testified at this hearing presumably allays his concerns about the boilerplate on the acknowledgement form.

5

bunk wrapped in a blanket." ECF 26-2, ¶ 21; ECF 26-5 at 2. Further, the report indicates that Williams was the sole occupant of the cell. Black Aff., ECF 26-2, ¶ 21.

Black found Williams guilty of possession of contraband and possession or manufacture of an unauthorized substance, based on Brooks' written report. She imposed a sanction of 10 days of restrictive housing. ECF 26-2, ¶ 23.

Inmates on restrictive housing remain locked in their cells except during designated exercise and shower periods. BCDC Directive, Disciplinary Restrictive Housing, ECF 26-8 §III.D.5,7; ECF 26-2, ¶ 38. Inmates on restrictive housing are permitted to exercise and shower once per day for a period of one hour. ECF 26-8, § III.D.7. Additionally, their telephone, television, visitation, group recreation, commissary, and program participation privileges are suspended. ECF 26-8 at 5; ECF 26-2, ¶ 36.

Williams' appeal of the decision was denied by Captain R. Alford for insufficient evidence. ECF 1-1 at 4; ECF 19-6 at 4. Captain Alford determined Williams had "provided insufficient evidence to overturn the guilty finding. The penalty is appropriate." ECF 1-1 at 4.

### C. April 5, 2017 Hearing

On April 5, 2017, Black conducted a hearing on incident A3170834, concerning the alleged assault on Officer Johnson. Neither Williams nor his requested witness, Officer Johnson, attended.

Black attests that on April 5, 2017, she contacted Officer Johnson and requested that she appear at the hearing. ECF 26-2, ¶ 27; ECF 26-4. But, Johnson refused to attend, apparently for security reasons. *Id.*[7] Black also asserts that "Mr. Williams refused to be present" for his hearing. ECF 19-2, ¶ 16; ECF 26-4 at 2 (handwritten notation dated April 5, 2017); Case Note, ECF 26-6

---

[7] The record provides no additional information about the security reasons for Johnson's refusal.

(electronic notation by Correctional Officer Angela Simms that Williams refused to attend the hearing on April 5, 2017).

Of import, Williams denies that he refused to attend his hearing. ECF 35-1, ¶ 35. Further, Williams avers that because he was not present at the hearing, it was held against him "per the boilerplate." ECF 35-1, ¶ 34. As noted, the incident report boilerplate includes the following statement: "At the Disciplinary Hearing, you DO NOT have to testify in your own defense. However, a refusal to testify may be interpreted as an indication of guilt." ECF 1-1 at 3; *see* ECF 26-4 at 2. According to Williams, Black interpreted his lack of attendance at the hearing as a refusal to testify and an indication of guilt. ECF 1 at 2.

Black entered a plea of not guilty on Williams' behalf and proceeded to conduct the hearing without him. ECF 19-2, ¶ 16. Based on actions observed by staff, she found Williams guilty of all charges and imposed a sentence of 45 days of restrictive housing. ECF 26-4 at 2; *see* ECF 26-2, ¶ 31. The 45-day restrictive housing sanction ran concurrent with the 10-day sanction imposed for incident A3170835. ECF 1-1 at 3.

On April 14, 2017, Williams was provided with a copy of the hearing decision. ECF 35-1 at 8. He argues that because boilerplate in the forms provided to him states that "refusal to testify may be interpreted as an indication of guilt" (ECF 26-4 at 2), he was prejudiced by his absence from the hearing. ECF 35-1, ¶ 36.

Williams alleges the BCDC disciplinary procedure is unfair and does not comply with the Code of Maryland Regulations, because it "subjects one to a disciplinary hearing in front of an officer who is not detached or neutral from the institution." ECF 1 at 2. Williams adds: "Black is an employee of the institution as she wears the badge and uniform of the institution." *Id.*

Plaintiff seeks an order to bar correctional officers from conducting disciplinary hearings, and to have the "County Commissioner" preside over them instead. ECF 1 at 3. Williams also seeks compensatory damages of $1,000 a day for the 45 days he was assigned to restrictive housing, without privileges. *Id.*

### III. STANDARD OF REVIEW

Williams has moved for partial summary judgment. ECF 43. Black has moved, in the alternative, to dismiss or for summary judgment. ECF 26. Where, as here, the parties present cross-motions for summary judgment, I consider the facts relevant to each motion in the light most favorable to the nonmovant. *Mellen v. Bunting*, 327 F.3d 355, 363 (4th Cir. 2003). Moreover, the court is mindful that plaintiff is self-represented. The submissions of a pro se litigant must be construed liberally. *See Carter v. Fleming,* 879 F.3d, 32, 137 (4th Cir. 2018); *Smith v. Smith,* 589 F.3d 736, 738 (4th Cir. 2009).

A motion styled in the alternative, to dismiss or for summary judgment, implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery Cty.*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011). Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007). However, under Rule 12(b)(6), a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). But when, as here, the movant expressly captions its motion "in the alternative," as one for summary judgment, and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion

under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).

A district judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5C ALAN WRIGHT & ARTHUR MILLER, ET AL., FEDERAL PRACTICE & PROCEDURE § 1366 (3d ed.) ("Wright & Miller). This discretion "should be exercised with great caution and attention to the parties' procedural rights." *Id.* at 149. In general, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. *Id.* at 165-67.

Ordinarily, summary judgment is inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours & Co.*, 637 F.3d at 448-49; *see Putney v. Likin*, 656 F. App'x 632, 638-640 (4th Cir. 2016) (per curiam); *McCray v. Maryland Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)); *see also Dave & Buster's, Inc. v. White Flint Mall, LLLP*, 616 F. App'x 552, 561 (4th Cir. 2015).

To raise adequately the issue that discovery is needed, the nonmovant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing the affidavit

9

requirement of former Rule 56(f)). However, a nonmoving party's Rule 56(d) request for additional discovery is properly denied "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Strag v. Bd. of Trs., Craven Cmty. Coll.*, 55 F.3d 943, 954 (4th Cir. 1995); *see McClure v. Ports*, ___ F.3d ___, 2019 WL 350375, at *6 (4th Cir. Jan. 29. 2019); *Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014); *Amirmokri v. Abraham*, 437 F. Supp. 2d 414, 420 (D. Md. 2006), *aff'd*, 266 F. App'x. 274 (4th Cir. 2008), *cert. denied*, 555 U.S. 885 (2008).

If a nonmoving party believes that further discovery is necessary before consideration of summary judgment, the party who fails to file a Rule 56(d) affidavit does so at his own peril, because "'the failure to file an affidavit . . . is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate.'" *Harrods*, 302 F.3d at 244 (quoting *Evans*, 80 F.3d at 961); *see also Dave & Buster's, Inc.*, 616 F. App'x at 561. But, the nonmoving party's failure to file a Rule 56(d) affidavit does not obligate a court to issue a summary judgment ruling that is obviously premature. Although the Fourth Circuit has placed "'great weight'" on the Rule 56(d) affidavit, and has said that a mere "'reference to Rule 56(f) [now Rule 56(d)] and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for [an] affidavit,'" the appellate court has "not always insisted" on a Rule 56(d) affidavit. *Harrods*, 302 F.3d at 244 (quoting *Evans*, 80 F.3d at 961). According to the Fourth Circuit, the failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the motion is pre-mature and that more discovery is necessary," and the "nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit.'" *Id.* at 244-45 (quoting *First Chicago Int'l v. United Exchange Co., LTD*, 836 F.2d 1375, 1380-81 (D.C. Cir. 1988)).

Plaintiff has not argued that proceeding to summary judgment would prejudice his claims. Indeed, he has filed a partial cross motion for summary judgment. I am satisfied that it is appropriate to address plaintiff's claims against Black in the context of summary judgment, because doing so will facilitate disposition of the case.

When, as here, the parties have filed cross motions for summary judgment, the court must consider "each motion separately on its own merits 'to determine whether either of the parties deserves judgment as a matter of law.'" *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003) (citation omitted). "Both motions must be denied if the court finds that there is a genuine issue of material fact. But if there is no genuine issue and one or the other party is entitled to prevail as a matter of law, the court will render judgment." 10A Wright & Miller, § 2720, at 336–37.

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986); *see also Iraq Middle Mkt. Dev. Found. v. Harmoosh*, 848 F.3d 235, 238 (4th Cir. 2017) ("A court can grant summary judgment only if, viewing the evidence in the light most favorable to the non-moving party, the case presents no genuine issues of material fact and the moving party demonstrates entitlement to judgment as a matter of law."). The nonmoving party must demonstrate that there are disputes of material fact so as to preclude the award of summary judgment as a matter of law. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986).

The Supreme Court has clarified that not every factual dispute will defeat a summary judgment motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for

summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.* at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see Sharif v. United Airlines, Inc.*, 841 F.3d 199, 2014 (4th Cir. 2016); *Raynor v. Pugh*, 817 F.3d 123, 130 (4th Cir. 2016); *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013). Conversely, summary judgment is appropriate if the evidence "is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 252, 106 S. Ct. 2505. And, "the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.*

Notably, "[a] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [her] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting former Fed. R. Civ. P. 56(e)), *cert. denied*, 541 U.S. 1042 (May 17, 2004); *see also Celotex*, 477 U.S. at 322-24. As indicated, the court must view all of the facts, including reasonable inferences to be drawn from them, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd.*, 475 U.S. at 587; *accord Roland v. United States Citizenship & Immigration Servs.*, 850 F.3d 625, 628 (4th Cir. 2017); *FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013).

The district court's "function" is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *accord Guessous v. Fairview Prop. Inv., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). Thus, in determinations. *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir.

2015); *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007). Therefore, in the face of conflicting evidence, such as competing affidavits, summary judgment ordinarily is not appropriate, because it is the function of the fact-finder to resolve factual disputes, including matters of witness credibility. *See Black & Decker Corp. v. United States*, 436 F.3d 431, 442 (4th Cir. 2006); *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002).

However, to defeat summary judgment, conflicting evidence must give rise to a *genuine* dispute of material fact. *Anderson*, 477 U.S. at 247-48. If "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," then a dispute of material fact precludes summary judgment. *Id.* at 248; *see Sharif v. United Airlines, Inc.*, 841 F.3d 199, 204 (4th Cir. 2016). Conversely, summary judgment is appropriate if the evidence "is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 252. And, "the mere existence of a scintilla of evidence in support of the [movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [movant]." *Id.*

## IV. DISCUSSION

Under the Fourteenth Amendment, a pretrial detainee has a constitutional right "'to be free from punishment.'" *Williamson v. Stirling,* 912 F.3d 154, 173 (4th. Cir. 2018) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Because a pretrial detainee has not been convicted of the crime with which he is charged, he retains a liberty interest in freedom from "punishment," even while he is detained to ensure his presence at trial. *Dilworth v. Adams*, 841 F.3d 246, 251 (4th Cir. 2016) (quoting *Bell*, 441 U.S. at 535-37). This principle applies to substantive and procedural due process claims by pretrial detainees. *Williamson*, 912 F.3d 173-74.

But, "not every inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988)

13

(citing *Bell*, 441 U.S. at 537). Loss of freedom of choice and privacy are inherent incidents of confinement. *Id.* That a "disability" is imposed for the purpose of punishment may be clear from "an expressed intent to punish on the part of detention facility officials[.]" *Bell*, 441 U.S. at 538. If not expressed, then a court still may infer an intent to punish, unless a "condition or restriction is reasonably related" to some other "legitimate" goal. *Id.* at 539; *see also Martin,* 849 F.2d at 870 (to establish that restriction is "punishment," pretrial detainee must show "either that it was (1) imposed with an expressed intent to punish or (2) not reasonably related to a legitimate non-punitive governmental objective"); *Slade v. Hampton Rds. Reg'l Jai*l, 407 F.3d 243, 251 (4th Cir. 2005) (same).

The elements of due process in the context of prison disciplinary proceedings were established by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). *Wolff* requires that inmates be provided the opportunity for a hearing at which they may call witnesses and present evidence, unless to do so "would present an undue hazard." *Wolff*, 418 U.S. 557-58; *see also Dilworth*, 841 U.S. at 254 (stating the right to a hearing is the "core component" and an opportunity to contest the charges is the "minimal requirement of the *Wolff* process"). An inmate is also entitled to written notice of the alleged disciplinary violation at least 24 hours before the hearing, and, after the hearing, to a written statement describing the reasons for the disciplinary action taken. *Id*. at 563-65.

Further, Williams is provided certain protections by state law, BCDC disciplinary procedure directive, and the Inmate Handbook. *See*, *e.g.*, COMAR 12.02.27.07C(2)(a) & (b); ECF 19-9 at 1 (the hearing officer shall make decisions based on credibility of the evidence presented and witness testimony); BCDC Disciplinary Process Directive, ECF 19-7, IV.E.15 at 7 (requiring hearing officer to document the disposition of the hearing and include the rationale for the

14

decision); BCDC Inmate Handbook, ECF 19-5 at 2 A.1. (stating inmates accused of violating facility rules are charged in writing and served notice and may request witnesses). The BCDC Inmate Rules and Procedures Handbook states: "Inmates charged will be present, unless the inmate presents a threat to security." ECF 19-5 at 2, § C.2

Black does not dispute that the sanction of 45 days of cell confinement for all but one hour each day was punitive and triggered due process protections. Instead, Black argues that the procedural protections afforded to Williams satisfied the requirements set forth in *Dilworth* and *Wolff*. ECF 26-1 at 13-14.

As earlier noted, there is no dispute that Williams was provided timely notice of the charges against him for both hearings. The circumstance of each hearing differs in other respects, however.

At the contraband hearing (A3170835) on April 4, 2017, Black advised Williams of his rights, read the incident report, and gave Williams the opportunity to testify in his own defense. In fact, Williams challenged the incident report by testifying that the substance found was not contraband and, in any event, did not belong to him.

On April 4, 2017, Williams received and signed a written copy of Black's decision, which also advised him of his appeal rights. ECF 26-5 at 2. To the extent Williams argues the hearing was deficient because no photos or tests were introduced to prove the substance was alcohol, due process requires only that "some evidence" support a prison disciplinary decision. *See Superintendent v. Hill,* 472 U.S. 445, 455–56 (1985) ("We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board ... the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."). He received a sanction of 10 days' restrictive housing.

The evidence at the hearing was sufficient to support the hearing officer's determination.

15

To the extent Williams faults Black for failing to comply with BCDC internal regulations, the failure to follow a prison directive or regulation does not give rise to a federal due process claim, if constitutional minima are met, as is the case here. *See Myers v. Kelvenhagen,* 97 F.3d 91, 94 (5th Cir.1996); *accord Kitchen v. Ickes*, 116 F. Supp. 3d 613, 629 (D. Md. 2015), *aff'd*, 644 Fed.Appx. 243 (4th Cir. 2016).

Viewing the evidence in the light most favorable to Williams, the court finds that at the contraband hearing (A3170835), Williams received written notice of the charges, a hearing at which he had the opportunity to call witnesses, and, after the hearing, he received a written decision describing the reasons for the disciplinary action. In sum, Williams received all the process to which he was due before he was placed in restrictive housing.

Williams also contends he was deprived of a fair hearing as to the assault incident, A3170834. He claims he was not given the opportunity to attend, testify, or call witnesses. ECF 35-1, ¶ 44. Williams denies in his Declaration that he refused to attend the hearing and notes that the hearing continued in his absence without designating a facility representative and without any determination that his presence would pose a threat to security. Williams' Decl., ECF 43-1, ¶ 6.

Black states only that she was informed that Williams refused to appear. ECF 19-2, ¶ 16; ECF 26-4 at 2. Black does not, however, specify who informed her of Williams' refusal to attend, nor does she provide verified evidence to refute plaintiff's assertion. Troubling, too, is the blanket contention Black makes that Officer Johnson refused to appear as a witness due to safety concerns.

Considering the evidence in the light most favorable to Williams, as I must, there is conflicting evidence that presents a *genuine* dispute of material fact regarding Black's decision to move forward with a hearing on the assault charges, in the absence of Williams. *Anderson*, 477 U.S. at 247-48. Williams presents evidence which, if credited, could lead a reasonable factfinder

to conclude that he was denied a hearing that comports with the procedural protections required to satisfy due process. This Court cannot resolve a credibility dispute.

Williams has demonstrated that summary judgment is not appropriate as to his due process claim arising from the April 5, 2017, hearing on incident A3170834 (assault). Accordingly, I will deny Black's motion for summary judgment as to this claim.

In light of the above, Williams' motion for partial summary judgment will be denied as to his claims based on the hearing as to contraband. I will dismiss, without prejudice, his claims based on the assault hearing, subject to renewal after counsel is appointed for him.[8]

## V.     CONCLUSION

For the reasons discussed above, I will, by separate Order, grant Black's motion for summary judgment (ECF 26) as to Williams' claims arising from the hearing on April 4, 2017, on the contraband charges, and deny Black's motion for summary judgment as to Williams's claims arising from his hearing on April 5, 2017, on the assault charge. I will also deny Williams' motion for partial summary judgment (ECF 43) as to his claims based on the hearing of April 4, 2017, regarding contraband, and I will deny, without prejudice, his due process claim based on his hearing on April 5, 2017, as to the assault charge.

An Order follows.


February 1, 2019                                 /s/
Date                                           Ellen L. Hollander
                                               United States District Judge

---

[8] Williams' earlier motion for appointment of counsel was denied, without prejudice. ECF 36; ECF 42.